UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EBEN JACKS | § | |
| | § | |
|    PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:13-cv-260 |
| | § | JURY |
| VENTERRA REALTY MANAGEMENT | § | |
| COMPANY, INC. | § | |
| | § | |
|    DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Eben Jacks ("Plaintiff") files this Original Complaint and respectfully shows the Court as follows:

### A.
### PARTIES

1. Plaintiff is an individual citizen of the State of Texas and resides in Houston, Texas. Plaintiff was employed by Defendant as a security guard at the time of his injury.

2. Defendant Venterra Realty Management Company, Inc. ("Venterra") is a corporation that is organized and incorporated under the laws of the State of Nevada and is conducting business in the Houston Division of the Southern District of Texas. Defendant may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## B.
### JURISDICTION AND VENUE

3.  The Court maintains diversity jurisdiction over the parties, as the parties are from different states and the amount in controversy exceeds $75,000, excluding interests and costs.

4.  Venue is proper in the Houston Division of the Southern District of Texas because all or a part of the events giving rise to the cause of action asserted herein took place in the Houston Division of the Southern District of Texas, and because Plaintiff resides in the Houston Division of the Southern District of Texas.

## C.
### FACTS

5.  This is a nonsubscriber workplace injury case. On or about June 27, 2012, at approximately 8:00 a.m., the Plaintiff was working a security guard at the security stand located at the street entrance to Wilshire Place Apartments located at 6000 Hollister in Houston, Texas. The complex is gated for security to the residents who live there. At approximately 8:45 a.m., while in the course and scope of his employment, Plaintiff was shot by a disgruntled Venterra tenant, Mr. Patrick O'Neal Spurlock, who had been locked out of his apartment by Venterra personnel for nonpayment of rent. The Plaintiff did not see the gunman enter the premises via the security stand where Plaintiff was working. On the day in question, the gunman was either already inside the premises before 8:00 a.m. when Plaintiff reported to work at his appointed place of duty, or the gunman had used an electronic key access card (which is issued to all tenants of the complex) to enter the premises via a side pedestrian gate.

6. Prior to the shooting, Venterra management at Wilshire Place Apartments failed to inform Plaintiff, who was employed there to provide security to the residents and employees of the Wilshire Place apartment complex, that they had locked Mr. Spurlock out of his apartment. Plaintiff had no advance knowledge whatsoever that Mr. Spurlock was not permitted upon the premises or that he had been denied access to the apartment he'd been renting from Venterra. Moreover, although Venterra had changed the locks upon the gunman's apartment doors for nonpayment of rent, Venterra had not confiscated the gunman's electronic key access card and thus he still was able to access the premises even though he was not authorized to be there.

7. Plaintiff was shot twice in the back and once in his head by the gunman. Plaintiff lost his right eye from the incident. Plaintiff was hospitalized for approximately three weeks as a result of his injuries and underwent several weeks of rehabilitation, as well. Plaintiff also had surgical procedures on and around his eye. Plaintiff now has a prosthetic right eye.

8. The gunman also shot and paralyzed a maintenance worker at the Wilshire Place Apartments named Rafael Martinez. Another Venterra resident was also shot by the gunman. The gunman then stole a car and was later killed in a shootout with Houston Police Department who were trying to apprehend him.

### D.
### DEFENDANT'S NONSUBSCRIBER STATUS

9. Paragraphs 1 through 9 of this Original Complaint are incorporated herein by reference as if fully set forth below.

10. Defendant has confirmed in writing that Plaintiff was not covered under their worker's compensation policy. The reason for that is that Venterra apparently believes Plaintiff "is not an official Venterra Realty employee." Plaintiff would show that at the time of the occurrence made the basis of this suit, he was being paid to provide security services for the Defendant and that his compensation was in the form of free rent for an apartment (Unit #403) that he maintained and still maintains at the Wilshire Place complex. As it relates to Plaintiff's employment and his workplace injury, Defendant was therefore a non-subscriber to Texas Workers' Compensation Act and, as a result, is not entitled to the protection from liability afforded employers under the Act. Furthermore, Plaintiff requests that pursuant to §406.033 of the Texas Labor Code, Defendant be denied all common law defenses including that:

    (a)    Plaintiff was guilty of any alleged contributory negligence;

    (b)    Plaintiff allegedly assumed the risk of injury by his actions or inactions; and,

    (c)    Plaintiff's injuries were caused by the negligence of a fellow employee.

### E.
### CAUSES OF ACTION

11. Defendant had a duty to exercise the degree of care that a reasonably careful employer and apartment complex would use to avoid harm to others under circumstances similar to those described herein. It stands to reason, and it is certainly foreseeable, that when a person has the locks changed upon their apartment door, they will become upset and violence could ensue toward personnel employed at the

4

apartment complex. It further stands to reason, and is certainly foreseeable, that if an apartment complex is going to exclude a tenant from their apartment living space for nonpayment of rent, they ought to confiscate or deactivate the electronic key card access originally issued to that tenant. Defendant did none of these things. Plaintiff's injuries were thus proximately caused by Defendant's negligent, careless and reckless disregard of said duty. Plaintiff complains that the Defendant was negligent, specifically, in one or more of the following respects:

(a) Exposing Plaintiff to an unsafe work environment;

(b) Failing to warn or inform Plaintiff that the gunman had been locked out of his apartment for nonpayment of rent;

(c) Failure to take precautionary measures or to avoid the incident in question, to wit: although the Defendant had changed the locks to the gunman's apartment for nonpayment of rent, Defendant failed to confiscate or deactivate the gunman's electronic card key access to the apartment complex, thus enabling him unfettered access to the premises in furtherance of his shooting spree;

(d) Failure to properly supervise its employees to ensure that they had taken the necessary measures to restrict the gunman's access to the apartment complex;

(e) Failure to institute proper safety rules and regulations which promulgated reasonable steps to ensure access to the apartment complex was limited to authorized residents and their guests; and

(f) Failure to properly train its employees on how to respond to or prevent a shooting occurring at its premises.

Each of the foregoing acts and/or omissions of Defendant, singularly or in combination, constitute negligence and are a proximate cause of Plaintiff's injuries and resulting damages.

## F.
## JURY DEMAND

12.     In accordance with FEDERAL RULE OF CIVIL PROCEDURE 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury.

## G.
## PRAYER

13.     WHEREFORE, Plaintiff respectfully requests that Defendant be ordered to appear and answer, and that after trial on the merits, the Court award Plaintiff, as a result of the incident made the basis of this lawsuit, fair and reasonable compensation for:

1. Medical care expenses incurred in the past;

2. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

3. Physical pain sustained in the past;

4. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

5. Mental anguish sustained in the past;

6. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

7. Loss of earning capacity sustained in the past;

8. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

9. Disfigurement sustained in the past;

10. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

11. Physical impairment sustained in the past;

12. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

13. An award of exemplary damages as permitted under law or equity;

14. An award of taxable court costs under law or equity;

15. Prejudgment and post-judgment interest as permitted by law; and

16. All other relief, in law or equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

**TERRY & THWEATT, P.C.**

By: /s/ L. Lee Thweatt
L. Lee Thweatt
Texas Bar No. 24008160
Federal I.D. No. 36618
Joseph D. Terry
Texas Bar No.  24013618
Federal Bar No. 24206
One Greenway Plaza, Suite 100
Houston, Texas  77046-0102
(713) 600-4710 (Telephone)
(713) 600-4706 (Telecopier)
lthweatt@terrythweatt.com
jterry@terrythweatt.com

**SULLO & SULLO, LLP**

Andrew F. Sullo
Texas Bar No. 24026218
Penelope Hernandez
Texas Bar No. 24080719
2020 Southwest Freeway, #300
Houston, Texas  77098
(713) 839-9026 (Telephone)
(713) 523-6634 (Telecopier)

**ATTORNEYS FOR PLAINTIFF**